UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GINGER RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:17-cv-4635 |
| | ) |
| INDIANA UNIVERSITY HEALTH | ) |
| CARE ASSOCIATES, INC. | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. NATURE OF THE CASE

1. Plaintiff, Ginger Russell, (hereinafter "Russell"), by counsel, brings this action against Defendant, Indiana University Health Care Associates, Inc. d/b/a IU Health Physicians (hereinafter "Defendant"), alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.*

### II. PARTIES

2. Russell is a resident of the State of Indiana, who at all relevant times resided within the geographic boundaries of the Southern District of Indiana.

3. Defendant is a corporation who conducts business within the geographic boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

1

6. Russell was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. Russell is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Russell's disability and/or regarded Russell as being disabled and/or Russell had a record of being disabled.

8. Russell satisfied her obligation to exhaust her administrative remedies after having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Russell received the required Notice of Sue Rights and timely files this action.

9. A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Russell began working for Defendant and its predecessors in or about July 2004.

11. Russell was initially hired as a Registration Specialist and was promoted to Clinical Manager in 2008.

12. Russell managed a psychiatric clinic for the Riley Hospital for Children. Initially, she worked for Indiana University and was paid hourly. Beginning in or about 2015, Russell became an employee of Defendant; however, her job duties and responsibilities remained the same.

13. At all times relevant, Russell met or exceeded legitimate performance expectations.

14. Russell suffers from an anxiety disorder that manifests itself in a variety of ways, including severe panic attacks. Russell disclosed her condition to Defendant in 2016 and began utilizing leave under the FMLA for her condition.

15. Defendant terminated Russell's employment on or about January 31, 2017. Defendant's purported reason for terminating Russell's employment was that she had engaged in time card fraud. Defendant's stated reason for terminating Russell is a pretext for discrimination based on her disability.

16. Russell had always been paid hourly and paid for hours over forty in a workweek. Defendant had been aware that Russell was being paid in this fashion and never suggested that it was improper or that there had been a change in how she was to be compensated.

17. During her termination meeting, Chris Kellams, Russell's new supervisor, noted to Russell that he believed the position was too stressful for Russell to handle and, given her condition, that it probably was not a good fit.

## V. LEGAL ALLEGATIONS

18. Paragraphs one (1) through seventeen (17) of Russell's Complaint are hereby incorporated.

19. Defendant violated Russell's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* by terminating her employment because of her disability.

20. Defendant's actions were intentional, willful and in reckless disregard of Russell's rights as protected by the ADA.

21. Russell has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Ginger Russell, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Russell to the position, salary, and seniority level she would have enjoyed but for the Defendant's unlawful actions; and/or payment to Russell of front pay in lieu thereof;

2. Compensatory, consequential and emotional damages to Russell;

3. Compensation for Russell's lost wages and benefits;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Punitive damages for violations of the ADA;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

    Respectfully submitted,

    BIESECKER DUTKANCYH & MACER, LLC

    */s/ Andrew Dutkanych*_____
    Andrew Dutkanych (Atty No. 23551-49)
    411 Main Street
    Evansville, Indiana 47708
    Telephone: (812) 424-1000
    Facsimile: (812) 424-1005
    Email: ad@bdlegal.com

    *Attorneys for Plaintiff, Ginger Russell*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Ginger Russell, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANCYH & MACER, LLC

*/s/ Andrew Dutkanych*_____
Andrew Dutkanych (Atty No. 23551-49)
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Ginger Russell*